IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WOOTEN,

    Plaintiff,                               No. 2:08-cv-1311 LKK JFM PS

    vs.

THE STATE OF CALIFORNIA, et al.,        ORDER AND

    Defendants.                        FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. This proceeding was referred to this court by Local Rule 72-302(c)(21). Defendants' motion to dismiss came on regularly for hearing October 2, 2008. Plaintiff appeared in propria persona. Jeffrey I. Bedell, Deputy Attorney General, appeared for the defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.1990); <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must

1

1  accept as true the allegations of the complaint in question, construe the pleading in the light most
2  favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Hospital
3  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976); Jenkins v.
4  McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th
5  Cir.2003).
6        For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the complaint need
7  not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to
8  relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct.
9  1955, 1974 (2007); Weber v. Department of Veterans Affairs, 512 F.3d 1178, 1181 (9th
10 Cir.2008).  While a complaint need not plead "detailed factual allegations," the factual
11 allegations it does include "must be enough to raise a right to relief above the speculative level."
12 Twombly, 127 S.Ct. at 1964-65.  Federal Rule of Civil Procedure 8(a)(2) requires a "showing"
13 that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief.  Id.
14 at 1965 n.3.  Legal conclusions need not be taken as true merely because they are cast in the form
15 of factual allegations.  Robertson v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Western
16 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).  "Nor is the court required to accept
17 as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
18 inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001), amended by
19 275 F.3d 1187 (9th Cir.2001).  A Rule 12(b)(6) motion to dismiss should be granted when a
20 plaintiff fails to nudge his or her claims "across the line from conceivable to plausible."
21 Twombly, 127 S.Ct. at 1974.  "[C]onclusory allegations of law and unwarranted inferences are
22 insufficient to defeat a motion to dismiss for failure to state a claim."  Epstein v. Washington
23 Energy Co., 83 F.3d 1136, 1139 (9th Cir.1996).
24       Plaintiff alleges that the State of California has violated the First and Tenth
25 Amendments to the United States Constitution based on the California Supreme Court's decision
26 /////

legalizing same-sex marriage in California. In re Marriage Cases, 43 Cal.4th 757 (2008). Plaintiff contends that this decision, contrary to his religious views, sanctions homosexuality.

To show a violation of the First Amendment, plaintiff must show either that the free exercise of his religion has been interfered with by a governmental act or that a governmental act has tended to establish a religion by favoring a particular religion.[1]

As the district court found in its ruling on plaintiff's request for injunction, "[p]laintiff remains free to preach whatever he wishes about same-sex marriage; the state's legal treatment of same-sex couples in no way impinges upon plaintiff's right to do so." (June 12, 2008 Order denying injunctive relief at 2.) Thus, plaintiff's free exercise claim fails on the face of the amended complaint.

Plaintiff also has failed to show a violation of the Establishment Clause of the First Amendment. "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." Larson v. Valente, 456 U.S. 228, 244, 102 S.Ct. 1673 (1982). As argued by defendants, if the California court had based its ruling on the beliefs of a particular religion, that ruling would violate the First Amendment's prohibition on the establishment of religion. Epperson v. Arkansas, 393 U.S. 97, 106-07 (1968) (Establishment Clause "forbids alike the preference of a religious doctrine or the prohibition of theory which is deemed antagonistic to a particular dogma.") Although plaintiff claims that In re Marriages is an infringement on his religion, the California Supreme Court found that same-sex couples had a fundamental privacy interest in having their official family relationship accorded

---

[1] "The purposes of the First Amendment guarantees relating to religion were twofold: to foreclose state interference with the practice of religious faiths, and to foreclose the establishment of a state religion familiar in other Eighteenth Century systems. Religion and government, each insulated from the other, could then coexist. Jefferson's idea of a "wall," see Reynolds v. United States, 98 U.S. (8 Otto) 145, 164, 25 L.Ed. 244 (1878), quoting Reply from Thomas Jefferson to an address by a committee of the Danbury Baptist Association (January 1, 1802), reprinted in 8 Works of Thomas Jefferson 113 (Washington ed. 1861), was a useful figurative illustration to emphasize the concept of separateness." Larkin v. Grendel's Den, Inc., 459 U.S. 116, 122-23, 103 S.Ct. 505 (1982).

1  equal respect and dignity.  Id.  The In re Marriages decision thus remained neutral and did not
2  elevate plaintiff's religious views over the rights of those who choose same-sex marriage.
3           For all of the above reasons, plaintiff's amended complaint fails to state a claim
4  that his First Amendment rights have been violated and should be dismissed.
5           Plaintiff also claims that his rights under the Tenth Amendment have been
6  violated.
7           The Tenth Amendment to the United States Constitution provides:
8           The powers not delegated to the United States by the Constitution,
            nor prohibited by it to the States, are reserved to the States
9           respectively, or to the people.
10 Id.
11          Plaintiff argues that the state court overstepped its constitutional authority in
12 setting a policy that allows same-sex marriages because they are opposed by the will of the
13 people.  However, in In re Marriage Cases, the California Supreme Court held that state statutes
14 which prohibit same-sex marriages violated the guarantees of the California Constitution.  Thus,
15 the California Supreme Court's evaluation of a state law under the state constitution does not
16 violate the Tenth Amendment.[2]
17          To the extent plaintiff challenges In re Marriage Cases as a violation of the
18 separation of powers doctrine, his claim fails for the same reason.  Under the separation of
19 powers guarantee set forth in the California Constitution, the judicial branch is responsible for
20 interpreting and applying existing laws.  See People v. Bunn, 27 Cal.4th 1, 15, 115 Cal.Rptr.2d

---

[2] To the extent plaintiff argued that the Governor or Attorney General should have appealed In re Marriage Cases, his claim fails as well.  Because the California Supreme Court's decision rested entirely on state constitutional grounds, there was no authority on which to appeal.  See Int'l Longshoremen's Assoc., AFL-CIO v. Davis, 476 U.S. 380, 387 (1986)(the United States Supreme Court has "no authority to review state determinations of purely state law.")

4

1  192, 37 P.3d 380 (2002).[3] Here, plaintiff challenges the California Supreme Court's decision as
2  violative of the Tenth Amendment. However, the California Supreme Court was interpreting
3  state law under the California Constitution. That analysis does not violate the Tenth Amendment
4  or the separation of powers doctrine. Indeed, plaintiff has presented no legal authority to support
5  his theory that the California Supreme Court violated the Tenth Amendment by deciding
6  questions of state law under the California Constitution. Thus, plaintiff has also failed to state a
7  claim for violation of the Tenth Amendment.
8  Finally, plaintiff raises, for the first time, a claim that In re Marriages somehow
9  violates his right to petition the Government for redress under the First Amendment. (Opp'n at
10  1-2.)
11  The First Amendment to the United States Constitution provides in pertinent part:
12  "Congress shall make no law . . . abridging . . . the right of the people peaceably to assemble, and
13  to petition the government for a redress of grievances." Id. The First Amendment, including the
14  right to petition, is incorporated against the states through the Fourteenth Amendment. Hague v.
15  Committee for Industrial Organization, 307 U.S. 496, 512-513, 59 S.Ct. 954 (1939). The
16  California Constitution contains an analogous clause: "The people have the right to instruct their
17  representatives, petition government for redress of grievances, and assemble freely to consult for
18  the common good." Cal. Const., art. 1, § 3.
19  Nothing in the case of In re Marriages deprives plaintiff of his right to petition the
20  government. Plaintiff was able to exercise his First Amendment right to file the instant action.
21  Plaintiff remains free to, *inter alia*, contact his legislators or engage in the initiative process.
22  This court finds that the amended complaint fails to state a claim for violation of
23  the United States Constitution and recommends that the case be dismissed.

---

[3] The Bunn court held that refiling of six of the counts, under statute allowing refiling or revival of charges for certain sex crimes committed against minors even if prior prosecution had been dismissed based on statute of limitations, did not violate separation of powers, because the refiling statute was in effect when judicial review of the prior prosecution became complete. Id.

5

Accordingly, IT IS HEREBY ORDERED that the scheduling conference set for October 30, 2008 is vacated; and

IT IS HEREBY RECOMMENDED that defendants' July 1, 2008 motion to dismiss be granted [docket no. 12], and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 3, 2008.

UNITED STATES MAGISTRATE JUDGE

/001;wooten.mtd